IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| Casio Computer Co., Ltd., | ) |
| | ) Case Number: 24-cv-11010 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A Hereto, | ) Hon. Matthew F. Kennelly |
| Defendants. | |

**DEFENDANT Zhihuida's (223) MOTION TO MODIFY THE ASSET RESTRAINT**

While Schedule A lawsuits have their merits when aimed at wanton abuses of intellectual property rights, the situation at bar is not one of them. The difference between the $57,047 frozen and the meager $20 in accused item revenue is not a gap but a chasm. The Defendant Zhihuida thus requests the Court modify the asset restraint unfairly immobilizing its business.

BACKGROUND

The Plaintiff has sued the Defendant for intellectual property infringement. Doc. 1. The Defendant is allegedly violating the Plaintiff's

protected intellectual property rights via its online Walmart online storefront. *Id*. The Court granted the Plaintiff a Temporary Restraining Order on October 29, 2024. Doc. 29. On December 5, 2024, the Plaintiff moved for a Preliminary Injunction. Doc. 46. The Court granted it on December 11, 2024. Doc. 52.

Integral to the Plaintiff's injunctive relief is an asset restraint on the Defendant's store account. As the Declaration of the Defendant's principal Weiyan Cao explains, the asset restraint curbs withdrawal of any funds from the Defendant's account, regardless of whether they derive from lawful sales, ill-gotten gains, or unrelated income. *See* Declaration of Weiyan Cao attached here as Exhibit A at ¶ 20. As of this filing, there is $57,047 restrained in the accounts. Exhibit A at ¶ 18. In contrast, the revenue of the accused item is $20. Exhibit A at ¶ 19. That $20 represents three sales, none to Illinois. Exhibit A at ¶ 17; see also Exhibit B to Declaration, Walmart sales data.

## ARGUMENT

I. The Asset Restraint Should Be Modified Due To The Irreparable, Ongoing Harm To The Defendant.

A preliminary injunction is a "drastic" remedy, proper only if the movant clearly carries the burden of persuasion. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). For that reason, a preliminary injunction should be tailored to the underlying violation. *Commodity Fut. Trading Comm. v. Lake Shore Asset*

2

*Mgmt.*, 496 F.3d 769, 772 (7th Cir. 2007). Injunctive relief should aim "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). These principles embody the propriety of modifying the asset restraint here.

    The Defendant's store and its assets have been restrained for two months. Not surprisingly, the Defendant's liquidity, not to mention its ability to continue operations, is being suffocated. Exhibit A at ¶ 20. In fact, the funds represent the Defendant's lifeline, now severed. This defines "irreparable harm." *See Win Win Aviation, Inc. v. Richland Cnty., S.C. Sheriff's Dep't*, No. 15-cv-50051, 2015 U.S. Dist. Lexis 32026 at *4 (N.D. Ill. Mar. 16, 2015) ("if plaintiff's business was no longer able to continue as a result . . . that would qualify as irreparable harm."). Here, it would be severely injurious to continue denying Defendant its income derived from lawful sales of products unrelated to the underlying litigation or other, untainted revenue streams. Irreparable harm will thus persist if the restraint is not relaxed. With more than $57,047 frozen, the Defendant is irreparably harmed as a matter of law. Exhibit A at ¶ 18. Worse, that figure climbs as the litigation continues. Such inequity warrants redress.

3

III. **The Asset Restraint Should Be Limited To The Defendant's Revenues From The Accused Item.**

Because minimizing hardship is the Court's lodestar, assets that are not the proceeds of counterfeiting activities may be exempted from an asset freeze. *Luxottica USA LLC v. The Partnerships, et al.*, No. 14-cv-9061, 2015 U.S. Dist. LEXIS 78961 (N.D. Ill. June 18, 2015). The Court's authority to restrain assets is limited to those assets reasonably believed to be from ill-gotten gains. A court should thus not freeze assets solely to preserve a party's right to recover damages. *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 324-25 (1999). Rather, it may only freeze assets to preserve the right to equitable relief. *Id.* at 325. A court may issue an asset restraint if necessary to preserve the plaintiff's right to an accounting, but may not limit assets to preserve a plaintiff's claim for statutory damages, which are not equitable. *Klipsch Grp., Inc. v. Big Box Store Ltd.*, No. 12-civ-6283-AJN, 2012 U.S. Dist. LEXIS 153137, at *13-14 (S.D.N.Y. Oct. 24, 2012).

Instructive in that regard is *Klipsch*. There, the court initially issued a $2 million asset restraint. *Klipsch*, 2012 U.S. Dist. LEXIS 153137 at *6. The defendant countered that only $691 worth of accused goods were sold into the United States, and $6,346 in global sales. *Id.* at *7. The *Klipsch* court concluded that its authority to freeze assets was limited to preserving an equitable accounting of the defendant's profits. *Id.* at *4. The defendant's

4

PayPal accounts contained funds from "myriad worldwide sales" which the court refused to freeze despite intermingling with "modest proceeds from the sale of counterfeit goods." *Id.* at *28. The asset restraint was thus reduced to $20,000. *Id.* at *35-36.

In this District, modifications of asset restraints are trending. The Court has found revenues from accused products "sufficient to protect Plaintiff's ability to recover whatever amount that it believes to be entitled to through any equitable remedy." *Roadget Bus. Pte. Ltd. v. The Individuals, et al.*, 24-cv-607, Doc. 69 (N.D. Ill. Apr. 4, 2024). A modification to the revenue obtained from the sale of each accused product was similarly approved in *Roadget Bus. Pte. Ltd. v. The Individuals, et al.*, No. 24-cv-115, Doc. 84 (N.D. Ill. May 30, 2024). As did the Court in *Roadget Bus. Pte. Ltd. v. The Individuals, et al.*, No. 24-cv-2015 (N.D. Ill. May 1, 2024), Doc. 64. Finally, a similar modification was granted in *CAO Group v. Individuals, et al.*, 24-cv-1211, Doc. 67 (N.D. Ill. May 20, 2024). These cases are just a sampling of such determinations.

The Court should hold similarly here. The ongoing embargo has pushed Defendant to the brink. Again, the revenue related to the accused item is $20. Exhibit A at ¶ 19. The Court should modify the restraint to reduce the frozen assets to $20.

Otherwise, plaintiffs will continue to wreak havoc by freezing entire

balances of defendant's stores—even for profits from unrelated, non-infringing goods. This is an unwieldly, improvident, and inequitable method for arresting funds. It also disregards the prospective aspect of an asset restraint. Current and future proceeds earned by the Defendant is now untouchable. And such unfairness will continue for the life of the litigation. This flouts "minimizing hardship." Finally, the Plaintiff must prove the assets it seeks to siphon are likely from the sale of counterfeit wares. It cannot do so for past sales unrelated to the accused items, or the future proceeds of such sales.

One final point bears mention. Schedule A restraints rest on plaintiffs' stereotyped speculation that foreign defendants will abscond with their funds instead of defending themselves. Such rationale collapses here. The Defendant submitted evidence of its available funds, limited sales and revenues from the accused products, and a timely appearance and motion practice through counsel. The Court is thus within its discretion to dissolve the asset freeze entirely as to the Defendant. *See Awareness Ave. Jewelry v. The Partnerships, et al.*, No. 23-cv-2-TPB, 2023 WL 3568387 (M.D. Fla. May 19, 2023), at *2 (premise underlying basis for asset freeze rebutted after funds and sales data produced and defendants "appeared by counsel in this lawsuit to respond to the complaint"); *see also Spin Master v. Aciper*, No. 19-cv-6949, 2020 WL 6482878, at *5 (S.D.N.Y. Nov. 4, 2020) (rejecting "unsupported" allegations against

6

Chinese companies in general, and finding defendant unlikely to dissipate assets when it "retained counsel and appeared in this action"). The instant Plaintiff suffers from that same disconnect. The Defendant's post-Complaint conduct should have allayed Plaintiff's fears. Yet Plaintiff persists, exposing its true aim of using the freeze to choke the stores into submission.

## CONCLUSION

The asset restraint foreclosing the Defendant Zhihuida's account and hurting its business should be modified to restore equity. The asset restraint should be reduced to $20.

December 20, 2024     Respectfully submitted,

           s/ Christopher Keleher

           The Keleher Appellate Law Group, LLC

           1 E. Erie St., Suite 525

           Chicago, IL 60611

           312-448-8491

           ckeleher@appellatelawgroup.com

CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on December 20, 2024, a true and correct copy of the foregoing document was filed electronically with the Clerk of the Court and served on all counsel of record.

Respectfully submitted,

s/ Christopher Keleher

Christopher Keleher
The Keleher Appellate Law Group, LLC
1 East Erie Street
Suite 525
Chicago, IL 60611
312-448-8491
ckeleher@appellatelawgroup.com